E-filing

**FILED**

JUL 1 3 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MATT BUTLER,

   Plaintiff,

 v.

CLARENDON AMERICA INSURANCE CO.,

   Defendant.
_____/

No. C06-03619 MJJ

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

## INTRODUCTION

Before the Court is Plaintiff Matt Butler d.b.a. San Rafael Yacht Harbor's ("Plaintiff") Motion for Leave to File a Motion a Motion For Reconsideration of Plaintiff's Motion for Partial Summary Judgment.[1] Defendant Clarendon America Insurance Company ("Defendant" or "Clarendon") opposes the motion. For the following reasons, the Court **DENIES** Plaintiff's Motion for Leave to File a Motion For Reconsideration of Plaintiff's Motion for Partial Summary Judgment.

## PROCEDURAL AND FACTUAL BACKGROUND

The instant action presents an insurance dispute between the insured-Plaintiff and the insurer-Defendant arising from Defendant's refusal to defend Plaintiff in an underlying third-party lawsuit.

In his operative complaint, Plaintiff seeks declaratory relief, damages for breach of contract, damages for negligence for declining to defend or indemnify Plaintiff, damages for breach of the implied covenant of good faith and fair dealing, and damages for breach of fiduciary duty. On April

---

[1] Docket No. 67.

4, 2007, this Court denied Plaintiff's Motion for Partial Summary Judgment (hereafter "Summary Judgment Order") and found that there was no potential for insurance coverage under the relevant policy provisions, based on the undisputed factual record then before the Court.[2] Plaintiff now seeks reconsideration of the Court's Summary Judgment Order on multiple grounds.

Before turning to the merits of Plaintiff's request for reconsideration, it is helpful to examine the factual record before the Court. Except as otherwise noted, the Court found the following facts to be undisputed for purposes of the Summary Judgment Order.[3]

### A.   The Underlying Action

Plaintiff is the operator of the San Rafael Yacht Harbor in San Rafael, California. On February 12, 2004, Pro se litigant, Lloyd Victor Ramirez ("Ramirez") filed the first action against Plaintiff in the United States District Court for the Northern District of California, Case No. C04-0593 EMC. (Joint Statement of Undisputed Fact ("JSUF") at ¶ 4.)[4] On February 18, 2004, Ramirez filed the second action against Plaintiff in the Superior Court of California, County of Marin, Case No. CV040728. (*Id.* at 3.) These actions (collectively "the Ramirez action"), made identical allegations and claims against Plaintiff. (*Id.* at ¶¶ 3, 4.)[5]

Ramirez alleged that he was the owner of two vessels and Plaintiff's tenant at the San Rafael Yacht Harbor. (*Id.* at ¶¶ 3, 4.) According to Ramirez, a dispute arose between Ramirez and Plaintiff concerning fees and charges for berthing and other services, and as a result the dispute Ramirez elected to move his vessels from the San Rafael Yacht Harbor to the Loch Lomond Marina on February 10, 2003. (*Id.*) In his complaint, Ramirez alleged that on February 18, 2003, Plaintiff "improperly, unlawfully, and without the knowledge and consent and contrary to the desire and instructions of [Ramirez], converted [the two] vessels, trespassed thereon, and sold, disposed or converted them to [Plaintiff's] own use" and that "[Ramirez], the true and lawful owner of [the]

---

[2]Docket No. 52.

[3]Docket No. 67 at 2:4-6:10.

[4]Docket No. 39.

[5]On June 3, 2004, the Court granted Defendants' Motion to Dismiss the first action. (Case No. 04-0593EMC, Docket No. 29.)

2

vessels . . . and that [Plaintiff] did not have any legal title to [the] vessels. (*Id.*) Ramirez further alleged that Plaintiff "improperly, unlawfully, and without the knowledge and consent of [Ramirez], converted, sold or otherwise disposed of the personal property of [Ramirez], including boat tackle, spare parts and gear, accessories and equipment, and other personal belongings, including but not limited to clothing, and visual equipment and numerous other items." (*Id.*) According to Ramirez, he sustained injury and damage "by losing his principle place of abode, all to his great physical and emotional distress . . . ." (*Id.*) Ramirez also alleged that Plaintiff's conduct "was intentional and deceitful with the intention of causing injury to [Ramirez]." (*Id.*) Ramirez asserted claims for: (1) possession of the vessels and damage for wrongful taking against Plaintiff; and (2) violation of privacy against Pat Lopez ("Lopez") and Loch Lomond Marina for releasing information regarding the location of Ramirez's vessels to Plaintiff. (*Id.*)[6]

### B.    The Policies

Defendant had previously issued two insurance policies to Plaintiff for periods of August 4, 2001 to August 4, 2002 and August 4, 2002 to August, 4, 2003. (collectively, "the policy") (*Id.* at ¶¶ 1, 2.) The policy provided coverage for "bodily injury" or "property damage" caused by an "occurrence" which is defined in the policy as an "accident." The relevant "Commercial General Liability" ("CGL") sections of the policy provided, in part:

SECTION I – COVERAGES

COVERAGE A.  BODILY INJURY AND PROPERTY DAMAGE LIABILITY

    1.    Insuring Agreement.
           a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which the insurance applies. We will have the right and duty to defend and "suit" seeking those damages. . . .
           b.    This insurance applies to "bodily injury" and "property damage" only if:
               (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory," and
               (2)    The "bodily injury" or "property damage" occurs during the policy period.
        . . .
    2.    Exclusions.
        This insurance policy does not apply to:

---

[6]Neither Pat Lopez or Loch Lomond Marina are insured by Defendant.

3

        a.    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

. . .

SECTION V – DEFINITIONS

    3.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . .

    9.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . .

    12.    "Property damage" means:
        a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
        b.    Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

    13.    "Suit" means a civil proceeding in which damage because of "bodily injury," "property damage," "personal injury" or "advertising injury" to which this insurance applies are alleged. . . .

(*Id.* at ¶¶ 1 and 2; MB000072-MB000080, MB000157-MB000168.)

The policy contained two additional relevant "special coverage" sections. First, on the Form HBDC, the policy contained "Special Boat Dealer/Marina Coverage" and provided, in part:

    1.    PROPERTY AND INTEREST INSURED:

This policy insures BUSINESS PERSONAL PROPERTY (including Tenant's Improvement and Betterments as provided herein), usual to the conduct of the Insured's business, the property of the Insured or the property of others in the actual or constructive custody of the insured.

. . .

    7.    PERILS INSURED:

The property insured is covered against all risk of direct physical loss or damage except as hereinafter excluded.

. . .

    21.    PROPERTY OF OTHERS:

4

> In the case of loss or damage to property of others held by the Insured, for which the Insured is liable, the rights to adjust such loss or damage with the owner of the property is reserved to the company, and receipt or release from owner in satisfaction thereof shall be in full satisfaction of any claim of the Insured. If legal proceeding be taken to enforce a claim against the Insured, to conduct and control the defense on behalf of and in the name of the Insured. No action of the company in such regard shall increase the liability of the Company under the policy.

(*Id.*, MB000175-MB000180.) Second, on the Form HMOL, the policy contained "Special Marina/Boat Repairers/Boat Dealers Legal Liability" and provided, in part:

> 1. In consideration of the premium and subject to the limits of liability, exclusions, conditions and other terms of the policy, this Company agrees to pay on behalf of the insured, all sums which the insured shall become obligated to pay be reason of the liability imposed upon him (them) by law for loss of or damage to watercraft, their motors, equipment and boat trailers; the property of others while in his (their) care, custody or control at the premises . . . for any of the operations listed below:
>
> . . .
>
> (F) Property of others held for sale.
>
> . . .
>
> 6. This Company agrees to indemnify the Insured to the extent of this policy's proportion of legal costs or fees or expenses of counsel occasioned by the defense of any claim against the Insured for any liability or alleged liability of the Insured covered by this policy, provided that such costs, fees or expenses are incurred with the prior written consent of this Company. The Company shall have the option of naming attorneys to represent the Insured in the defense of any claim insured hereunder, made against the Insured, and this Company may exercise exclusive direction and control of the said defense. . . .

(*Id.*, MB000189-MB000191.)

### C. Plaintiff's Tenders

On March 10, 2004, Plaintiff first tendered the Ramirez actions to Defendant requesting Defendant to defend and indemnify him. (*Id.* at ¶ 5.) In his tender letter, Plaintiff described his participation in the events leading up to the Ramirez actions. (*Id.*) Plaintiff explained that Ramirez was often late in paying rent and that in December 2002, Plaintiff hauled Ramirez's vessels from the water for rent amounts owed. (*Id.*) According to Plaintiff, in early February 2003 he launched the vessels after Ramirez had written two checks for rent amounts owed. (*Id.*) Plaintiff claims that Ramirez's rent checks were returned marked account closed, and as a result, Plaintiff chained Ramirez's vessels to the dock. (*Id.*) Plaintiff explained that he had obtained liens on the vessels and

5

proceeded to notify Ramirez. (*Id.*) Plaintiff stated that in mid-February 2003, Ramirez cut the chains and removed one of his vessels to Loch Lomond Marina, approximately 1.5 miles away. (*Id.*) Plaintiff proceeded to locate the vessel, return it to San Rafael Yacht Harbor, and haul it from the water. (*Id.*) Plaintiff then filed a small claims case for the amounts owed. (*Id.*) On April 7, 2003, the small claims court commissioner awarded judgment to Plaintiff and authorized Plaintiff to sell the vessels pursuant to his statutory lien. (*Id.*) On March 29, 2004, Defendant's claims adjustor denied Plaintiff's tender of defense and request for indemnity.

Plaintiff proceeded to make a series of re-tenders to Defendant regarding the Ramirez action. Plaintiff made a second tender to Defendant in a March 3, 2005 letter. (Declaration of Barbara Hall ("Hall Decl.") Ex. H.) On March 10, 2005, Defendant informed Plaintiff there was no change regarding coverage on the Ramirez action, but that Defendant would re-evaluate coverage if an amended complaint was filed. (*Id.* Ex. I.) On June 14, 2005, Plaintiff made a third tender to Defendant and enclosed a copy of Ramirez's proposed amended complaint. (*Id.* Ex. J.) Defendant again informed Plaintiff that there was no change in its position regarding coverage of the Ramirez action. (*Id.* Ex. K.) On November 10, 2005, Plaintiff made a fourth tender to Defendant, which was denied on February 21, 2006. (*Id.* Exs. L, M.)

### D. Summary Judgment Order

In ruling on Plaintiff's motion for partial summary judgment, this Court examined the factual record, including the relevant policy provisions cited by Plaintiff. The Court found that there was no potential for insurance coverage under the relevant policy provisions, based on the undisputed factual record then before the Court.

As to the GCL policy, the Court found that both the complaints in the Ramirez action, and the available extrinsic evidence, presented nothing more than Plaintiff's intentional acts. Because the GCL policy requires an "occurrence" for coverage, and because the policy defines "occurrence" as an "accident," the Court found there was no event triggering Defendant's duty to defend. As to the Special Coverage provisions, the Court found that both: (1) the Form HMOL – "Special Marina/Boat Repairers/Boat Dealers Legal Liability" (hereafter, "Special Marina provision"); and (2) the Form HBDC – "Special Boat Dealer/Marina Coverage" (hereafter, "Special Boat Dealer

6

1 provision"), provided no potential coverage and therefore created no duty to defend. Plaintiff now
2 seeks reconsideration of the Court's Summary Judgment Order.

## LEGAL STANDARD

Civil Local Rule 7-9 governs motions for reconsideration. A party seeking reconsideration must first obtain leave of Court to file the motion for reconsideration. Civ. L.R. 7-9(a). A motion seeking leave to file a motion for reconsideration may only be granted if the moving party shows that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought *and* that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order. Civ. L.R. 7-9(b)(1). Alternatively, the moving party may also show the emergence of new material facts or change of law occurring after the time of such order, *or* a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order. Civ. L.R. 7-9(b)(2), (3). However, no motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in matter which the party seeks to have reconsidered. Civ. L.R. 7-9(c). Any party who violates this restriction shall be subject to appropriate sanctions. *Id.*

## ANALYSIS

Plaintiff asserts a number of grounds in support of his motion for leave to file a motion for reconsideration. The Court will address those grounds in turn.

### A.    Emergence of New Evidence

Plaintiff's initial basis in support of his motion for leave is Local Rule 7-9(b)(2) and the alleged emergence of new evidence. Specifically, Plaintiff identifies the deposition Joe Robinson ("Robinson") of Marine Claims Services, Inc., taken on April 5, 2007. Plaintiff argues that Robinson's deposition raises new material facts because Robinson testified that: (1) he was the primary claims handler for Plaintiff's claim; and (2) he considered Plaintiff's claim to be in some aspects a first party claim. Defendant disputes Plaintiff's proffer of Robinson's testimony. Setting aside Plaintiff's disputed testimonial proffer, Defendant further argues that Robinson's testimony as to whether he considered Plaintiff's claim to be a first party claim is not relevant, and that

Robinson's testimony did not present any new evidence regarding the issue of coverage.

Even assuming Plaintiff's proffer of Robinson's testimony to be true, the Court finds it irrelevant to the issue of coverage. Robinson's proffered *legal* conclusions, as to whether Plaintiff's claim was a first-party claim, would not create a triable issue of material fact on this record. Whether or not Robinson may have believed Plaintiff's claim to be first or third-party in nature, does not effect this Court's legal conclusions regarding Plaintiff's claim and the pertinent policy provisions. For this reason, the Court finds Plaintiff's first ground in support of his motion for leave to be unconvincing.

### B.     Legal Error

Plaintiff's remaining basis in support of his motion for leave is Local Rule 7-9(b)(3) and the alleged manifest failure by the Court to consider material facts or dispositive legal arguments. Plaintiff makes a series of arguments here.

First, Plaintiff claims that the Court erred in finding certain facts to be undisputed. In particular Plaintiff points to the Court's findings that: (1) "[b]oth the complaints in the Ramirez action, and the available extrinsic evidence, present nothing more than Plaintiff's intentional acts" (Summary Judgment Order at 12:16-17); and (2) "Defendant has presented sufficient evidence to establish that the alleged injury in the Ramirez action was a product of Plaintiff's intentional conduct, and therefore not an 'accident.'" (*Id.* at 10:25-26.) However, this Court has already considered and rejected the same arguments by Plaintiff in its Summary Judgment Order. (*Id.* at 9:10-12:19.) The Court thoroughly reviewed the factual record, including the allegations in the Ramirez action, along with the applicable legal authority and found no triable issues of material fact. Because Plaintiff has already made these arguments, reconsideration on these issues is therefore inappropriate. *See* Civil L.R. 7-9(b)(3).

Second, Plaintiff avers that the Court erred by misstating certain of facts. Specifically, Plaintiff argues that the Court substantively changed the allegations of the Ramirez action by: (1) omitting the clause "and certain other persons unknown to [Ramirez]" from the Court's analysis of the Ramirez action (Summary Judgment Order at 2:17-25 and 11:1-13 & n.7); (2) inserting "[Plaintiff]" as referring to Matt Butler d.b.a. as San Rafael Yacht Harbor in the place of the

8

allegations actually appearing in the Ramirez complaints (*id.* at 2:17-25); and (3) referring to the allegations of the Ramirez action as occurring on February 18, 2003 (*id.*). The Court finds these arguments to be similarly unpersuasive. Plaintiff has not identified, nor can the Court determine, why the Court's factual recitation of the Ramirez action is inaccurate, and why it would otherwise impact the Court's ultimate finding that there was no potential for coverage.

Third, Plaintiff maintains that the Court erred in stating, that "Defendant has presented sufficient evidence to establish that the alleged injury in the Ramirez action was a product of Plaintiff's intentional conduct, and therefore not an 'accident.'" (*Id.* at 10:25-26.) In support, Plaintiff relies on a Statement of Decision in the Ramirez action finding that Plaintiff did not convert or trespass upon Ramirez's property. Plaintiff has already made this argument, and this Court has rejected it. Specifically, in his Reply brief in support of his motion for partial summary judgment, Plaintiff argued that the Statement of Decision in the Ramirez action resulted in a potential for coverage. (Pl.'s Reply in Support of Mot. for Partial Summ. J. at 1:2-3 & n.2.) In the Summary Judgment Order, the Court rejected this argument by reasoning that the issue before the Court was not the legal conclusion of whether Plaintiff's actions in seizing the vessels and allegedly selling them and their contents was permissible. Rather, the issue before the Court was whether Plaintiff's actions and the alleged resulting injuries were covered events under the policy. Because Plaintiff has already made these arguments, reconsideration on these issues is therefore inappropriate. *See* Civil L.R. 7-9(b)(3).

Fourth, Plaintiff argues that the Court erred in finding that the Form HBDC, "Special Boat Dealer/Marina Coverage" provision did not provide a duty to defend. Plaintiff contends the distinction between first-party and third-party coverage is a misnomer. Again, Plaintiff has already made this argument, and this Court has rejected it. (Pl.'s Reply in Support of Mot. for Partial Summ. J. at 5); (Summary Judgment Order at 16:5-17:18.) Because Plaintiff has already made these arguments, reconsideration on these issues is therefore inappropriate. *See* Civil L.R. 7-9(b)(3).

Fifth, Plaintiff posits that the Court erred in finding that the Form HMOL,"Special Marina/Boat Repairers/Boat Dealers Legal Liability" provision did not provide the potential for coverage. Specifically, Plaintiff states that the policy's endorsement makes the Form HMOL

9

ambiguous, and therefore a potential for coverage exists. Because the Court considered the insurance policies at issue, including the policy's endorsement, in its Summary Judgment Order, the Court finds Plaintiff's argument here unconvincing.

Sixth, Plaintiff declares that the Court erred in failing to consider that the actions of Pat Lopez and Loch Lomond Marina are potentially "concurrent causes" and therefore potentially an "occurrence" and "accident" under the policy. Plaintiff has already made a similar causation argument, and the Court has previously considered this argument at summary judgment. (Pl.'s Mot. in Support of Mot. for Partial Summ. J. at 12-14); (Pl.'s Reply in Support of Mot. for Partial Summ. J. at 16:2-13); (Summary Judgment Order at 12.) Because the Court considered these arguments in its Summary Judgment Order, the Court finds no grounds for leave to file a motion for reconsideration here.

Finally, Plaintiff accuses Defendant of not submitting all of the attachments to some of the subsequent tender letters in its opposition to Plaintiff's motion for partial summary judgment. Plaintiff does not identify any particular attachments or otherwise explain why the attachments would compel a different result. Defendant disputes Plaintiff's accusation and argues that, in any event, it was Plaintiff's obligation to make this argument in his reply brief or at the hearing.

The Court finds Plaintiff's argument here problematic. Plaintiff was the party that moved for partial summary judgment. Accordingly, it was Plaintiff's burden to initially demonstrate the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file that establish the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In this case, Plaintiff had the opportunity to identify evidence in his opening brief, reply brief, and at the hearing in this matter. Because Plaintiff failed to identify any evidence indicating a potential for coverage, this Court properly denied Plaintiff's motion for partial summary judgment. Because Plaintiff has already had the opportunity to present evidence and arguments, the Court finds that reconsideration on these issues is

1 | inappropriate. *See* Civil L.R. 7-9(b)(3).[7]

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to File a Motion For Reconsideration of Plaintiff's Motion for Partial Summary Judgment.

**IT IS SO ORDERED.**

Dated: July 6, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[7] Plaintiff also contends that the Court erred in acting as a "finder of fact" in violation of Rule 56. However, a review of the Summary Judgment Order reveals that the Court properly based its findings on the undisputed factual record. For this reason, the Court rejects Plaintiff's contention and finds that reconsideration is similarly inappropriate here.

11